UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 11-50128-JLV |
| --- | --- | --- |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | RECONSIDER |
| JAMES LADEAUX, | ) | |
| Defendant. | ) | |

On May 8, 2012, the court entered an order denying defendant James LaDeaux's motion to suppress. (Docket 58). Although the court found law enforcement's warrantless entry violated Mr. LaDeaux's Fourth Amendment rights, the court concluded Mr. LaDeaux's alleged subsequent actions purged the taint of the police illegality. Id. at pp. 15-16. Because Mr. LaDeaux's alleged subsequent actions could constitute a new and distinct crime, evidence obtained after he allegedly committed a new crime is not fruit of the poisonous tree and is not subject to the exclusionary rule of the Fourth Amendment. Id. In reaching this decision, the court relied on United States v. Schmidt, 403 F.3d 1009 (8th Cir. 2005).

The court also cited to United States v. Waupenkenay, 973 F.2d 1533 (10th Cir. 1992). Mr. LaDeaux moves the court to reconsider its ruling because of the court's citation to Waupenkenay. (Docket 59). Mr. LaDeaux misunderstands the court's citation to this case.

The facts in Waupenkenay are similar to the facts in Mr. LaDeaux's case in that the United States Court of Appeals for the Tenth Circuit found the police officers' entry into defendant's residence was unlawful, but evidence of defendant's subsequent assault on the officers was not fruit of the poisonous tree and was admissible. 973 F.2d at 1536. The Tenth Circuit reached this conclusion by finding defendant did not have a legitimate, reasonable expectation of privacy in his home when he initiated criminal activity, that is, the assault, in the presence of the officers. Id. at 1536-37. The Tenth Circuit opinion collected numerous cases from other federal and state courts that "uniformly rejected motions to suppress arising from skirmishes comparable to the one at issue in the instant case." Id. at 1537. The Tenth Circuit noted these courts "have considered situations in which a defendant seeks to suppress evidence relating to his or her violence or threatened violence toward police officers subsequent to an unlawful search or seizure or a warrantless entry." Id. Importantly, the Tenth Circuit noted as follows:

> We note that, whereas our decision stems from the fact that Mr. Waupekenay lacked a legitimate expectation of privacy at the time he assaulted the officers, many of the above courts based their decisions upon somewhat different reasoning. Some courts have found the intervening act of the defendant to be so separate and distinct from the illegal entry or arrest as to break the causal chain.
> 
> Other courts have stressed the limited objective of the exclusionary rule–i.e., deterring unlawful police conduct by excluding evidence obtained as a result of such conduct–and the strong public interest in preventing and punishing force or threats of force directed against police officers.

> The rationale that is most applicable depends upon the underlying facts of the encounter. Here, we have chosen to rely on the defendant's lack of a reasonable expectation of privacy; in other situations, a different rationale may be more appropriate. However, whatever rationale is used, the result is the same: Evidence of a separate, independent crime initiated against police officers in their presence after an illegal entry or arrest will not be suppressed under the Fourth Amendment.

Id. at 1538.

In denying Mr. LaDeaux's motion to suppress, the court did not reach its ruling by means of the "expectation of privacy" analysis. The court reached its ruling by means of the "new and distinct crime" analysis of Schmidt. The court cited Waupekenay because it is an excellent collection of inter-circuit cases where courts, faced with similar motions to suppress, used different analyses to reach the same results. Because Mr. LaDeaux cannot overcome Schmidt, the court's ruling stands. Accordingly, it is hereby

ORDERED that Mr. LaDeaux's motion to reconsider (Docket 59) is denied.

Dated May 9, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE